# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRISH MAE B. DE LOS SANTOS, REYNALDO C. INFIESTO, RICKEL S. INTING, JELSON C. SUMABAL, AND ADELISA C. SURIGAO,

*Applicants*,

For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding

Misc. Case No. ____________________

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION FOR DISCOVERY IN ACCORDANCE WITH 28 U.S.C. § 1782**

Applicants Irish Mae B. De Los Santos, Reynaldo C. Infiesto, Rickel S. Inting, Jelson C. Sumabal, and Adelisa C. Surigao moved this Court for an *ex parte* Order granting leave to issue subpoenas to obtain discovery from respondent American Petroleum Institute pursuant to 28 U.S.C. § 1782.

The Court hereby GRANTS applicants leave to serve respondent with the notice of deposition annexed to the Declaration of Alison Borochoff-Porte as Exhibit A, and the subpoena for documents annexed to the Declaration of Alison Borochoff-Porte as Exhibit B.

The Court finds that the requirements of section 1782 are met. First, respondent resides or may be found in the District of Columbia. Second, the discovery sought is for use in an existing proceeding before a foreign tribunal. Third, applicants—as plaintiffs in the foreign proceeding—qualify as "interested person[s]" entitled to seek assistance from this Court under 28 U.S.C. § 1782(a).

Additionally, the Court finds that the discretionary factors set out by the Supreme Court of the United States in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting the application. Those factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the

proceedings underway abroad, and the receptivity of the foreign [tribunal] . . . to U.S. federal-court judicial assistance"; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *See Intel*, 542 U.S. at 264-65.

Here, (1) respondent is not a named or contemplated participant in the English proceedings and is not subject to jurisdiction there; (2) the record indicates that the English court that is adjudicating the foreign proceeding will likely be receptive to evidence obtained through section 1782 discovery; (3) this application is filed in good faith to obtain probative evidence and does not seek to circumvent any foreign proof-gathering restrictions; and (4) the discovery sought is not unduly intrusive or burdensome and is tailored to the claims and key relevant facts in the English proceeding. The *Intel* factors favor granting this petition.

Accordingly, it is HEREBY ORDERED that the *ex parte* application is GRANTED. It is FURTHER ORDERED that applicants are authorized to serve respondents with the notice of deposition annexed to the Declaration of Alison Borochoff-Porte as Exhibit A, and the subpoena for documents annexed to the Declaration of Alison Borochoff-Porte as Exhibit B.

Respondent shall respond to applicants' requests within the timeframe contemplated in the relevant Federal Rules of Civil Procedure and Local Civil Rules of this Court, unless otherwise agreed to by the parties. Respondent shall additionally provide a signed and notarized certification verifying the authenticity of the documents produced in order to facilitate the introduction of such evidence before the court in the United Kingdom.

IT IS SO ORDERED.

DATED: ______________________________

______________________________
UNITED STATES DISTRICT JUDGE